# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1130 | **DATE** | 2/25/2011 |
| **CASE TITLE** |  | Alnoraindus Burton (#N-82030) vs. Sylvia Mahone, et al. | |

**DOCKET ENTRY TEXT:**

The court denies the plaintiff leave to proceed *in forma pauperis* and summarily dismisses the complaint pursuant to 28 U.S.C. § 1915(g). The case is terminated. Having brought this action, the plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, the plaintiff must pay any outstanding fees.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials at the Pontiac and Stateville Correctional Centers, violated the plaintiff's constitutional rights by acting with deliberate indifference to a knee injury, and by subjecting him to inhumane conditions of confinement (following surgery, placing him in a "filthy" health care unit and assigning him to a bed that was fitted with sheets on which another inmate had already slept).

The plaintiff has neither paid the statutory filing fee nor filed a motion for leave to proceed *in forma pauperis*. The court finds that the plaintiff is not entitled to proceed *in forma pauperis* because he has "struck out" under 28 U.S.C. § 1915(g) and this case does not involve imminent danger of serious physical injury.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of the plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Burton v.*
**(CONTINUED)**

mjm

*Stiehl*, Case No. 99 C 6571 (N.D. Ill. Oct. 7, 1999) (Shadur, J.); *Burton v. Bataglia*, Case No. 98 C 3269 (N.D. Ill. Jul. 29, 1998) (Gettleman, J.); and *Burton v. Kill*, Case No. 09 C 1970 (N.D. Ill. Aug. 13, 2009) (Coar, J.)

In fact, this court previously advised the plaintiff that he had "struck out." *See* Order of April 22, 2010, in *Burton v. Hardy*, Case Number 10 C 2408 (N.D. Ill.) (Gettleman, J.).

This plaintiff's current complaint does not qualify for the "imminent danger of serious physical injury" exception to 28 U.S.C. § 1915(g). This case principally concerns the plaintiff's dissatisfaction with care actually received for a knee injury dating back to 2009. Although the plaintiff complains of delays, lack of diagnostic tests, denial of pain medication, and the general apathy of prison health care providers, the fact remains that he has been receiving ongoing treatment from both the medical staff at Stateville and outside specialists. In addition, surgery was ultimately performed to repair the torn meniscus.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330, *citing Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Here, the plaintiff has not shown that he faces imminent danger of serious physical injury; therefore, he cannot bring suit without prepaying the full $350 filing fee

This is not to say, of course, that the plaintiff has no actionable claim. Notwithstanding the fact that the plaintiff has received ongoing care and treatment, deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). Furthermore, correctional officials may not act with deliberate indifference to a prisoner's chronic pain. *See, e.g., Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999); *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999). However, having tenable cause of action is not the same as facing imminent danger.

Because the plaintiff was previously advised that he has "struck out" under Section 1915(g), the court need not give him the opportunity to pay. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("Here payment is required and has not been made. We are not at all disposed to give Sloan extra time to pay.").

In sum, despite having knowledge of his 1915(g) status, the plaintiff filed a lawsuit not involving imminent danger without paying the statutory filing fee. Accordingly, the complaint is summarily dismissed with prejudice. The case is terminated. However, having brought this action, the plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, the plaintiff must pay any outstanding fees. *Id.*