Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1130 | **DATE** | 3/14/2011 |
| **CASE TITLE** | Alnoraindus Burton (#N-82030) vs. Sylvia Mahone, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having paid the statutory filing fee, the clerk is directed to reopen the case. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. The plaintiff's motion to incorporate exhibits [#6] is denied, without prejudice.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Pontiac and Stateville Correctional Centers, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs and by subjecting him to inhumane conditions of confinement.

By Minute Order of February 25, 2011, the court summarily dismissed this case because (a) the plaintiff had "struck out" under 28 U.S.C. § 1915(g), (b) the plaintiff was previously advised that he had struck out, (c) the plaintiff filed suit without paying the statutory filing fee, and (d) this case does not involve imminent danger of serious physical injury. The plaintiff has now paid the statutory filing fee. Accordingly, the clerk is directed to reopen the case.

However, the plaintiff must submit an amended complaint, as the document on file contains misjoined claims and defendants. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief ... may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

In his complaint, the plaintiff purports causes of action against employees at two different facilities; in addition, it is not clear that the named defendants are responsible for the substandard conditions in which the plaintiff was housed. The plaintiff's complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606. The plaintiff must choose a single, core claim (or defendant, or group of defendants) to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits. A suit concerning the conditions of confinement at the Pontiac Correctional Center must be filed either in the U.S. District Court for the Central District of Illinois at Peoria or in state court.

The plaintiff is granted thirty days from the date of this order to submit an amended complaint on the court's required form. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed once again.

Finally, the plaintiff's "*pro se* motion for leave to incorporate exhibits to civil rights complaint" is denied as moot, since the court is dismissing the originally filed complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached to that pleading, and each copy of the amended complaint must include complete copies of any and all exhibits.