Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1130 | **DATE** | 4/19/2011 |
| **CASE TITLE** | Alnoraindus Burton (#N-82030) vs. Sylvia Mahone, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. On the court's own motion, Brian Patrick Gainer / Johnson & Bell, Ltd. / 33 West Monroe Street, Suite 2700 / Chicago, Illinois 60603 / (312) 372-0770 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The clerk is directed to: (1) file the amended complaint; (2) terminate all defendants except Dr. Partha Ghosh; (3) change the case caption to *Burton v. Ghosh*; (4) issue summons for service on the defendant by the U.S. Marshal; and (5) send counsel a Magistrate Judge Consent Form along with a copy of this order. As Ghosh has reportedly retired, the Marshal and plaintiff's counsel are directed to take note of the special service instructions set forth in the body of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a physician at the Stateville Correctional Center, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement in the health care unit, by retaliating against him for complaining about his living conditions, and by acting with deliberate indifference to his medical needs (refusing him post-operative care and pain management following knee surgery). The plaintiff has submitted an amended complaint limited to his claims against a single defendant, as directed. *See* Minute Order of March 14, 2011, and *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated colorable federal causes of action against the defendant. The State must provide an inmate with a "healthy, habitable environment." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citation omitted); *McGee v. Monahan*, No. 06 C 3538, 2007 WL 2728756, at *9 (N.D. Ill. Sep. 14, 2007) (Zagel, J.). Correctional officials must ensure that inmates receive adequate food, clothing, shelter, protection, and medical care. *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). In addition, correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

*Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). Furthermore, an act taken by prison officials in retaliation for an inmate's exercise of his First Amendment rights may form the basis of a civil rights suit, even if the same act, when taken for a different reason, would be otherwise permissible. *See, e.g.*, *Stanley v. Litscher*, 213 F.3d 340, 343 (7th Cir. 2000); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). The defendant must respond to the plaintiff's allegations.

     On the court's own motion, Brian Patrick Gainer / Johnson & Bell, Ltd. / 33 West Monroe Street, Suite 2700 / Chicago, Illinois 60603 / (312) 372-0770 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

     The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve defendant Ghosh. Any service forms necessary for plaintiff's counsel to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. As it has been reported to the court that Dr. Ghosh is now retired, the Marshal is directed to attempt service on Ghosh in care of Wexford Health Sources, Inc., Foster Plaza 2, 425 Holiday Drive, Pittsburgh, PA 15220. If Wexford will not accept service for Ghosh, it shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.